IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 22-00190-KD-MU |
| | ) |
| TYLER JAMES MASHBURN, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This action is before the Court on Defendant Tyler James Mashburn's Motion to Dismiss the Indictment with Argument and Authorities (doc. 16). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I. Background

On October 26, 2022, Defendant Mashburn was indicted for the offense of prohibited person in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). The statute prohibits the possession of a firearm by anyone who has been convicted of a crime punishable by imprisonment for more than one year. Previously, Mashburn had been convicted of Burglary of an automobile, a crime punishable by imprisonment for a term exceeding one (1) year, in the Circuit Court of Clarke County, Mississippi. Mashburn filed a Motion to Dismiss the Indictment asserting that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment (doc. 16).

II. Analysis

Relying primarily upon the decisions in New York State Rifle & Pistol Ass'n v. Bruen, -–U.S. —, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022), which established a new two-step method for evaluating the constitutionality of firearm regulations, and Range v. United States, 69 F. 4th 96 (3rd Cir. 2023), Mashburn argues that 18 U.S.C. § 922(g)(1) is unconstitutional, facially and as applied to him, because the statute violates the Second Amendment to the United States'

Constitution.

However, in United States v. Rozier, 598 F. 3d 768 (11th Cir. 2010), the Eleventh Circuit rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(1). Rozier remains binding precedent in this circuit. See United States v. Hunter, --- F. Supp. 3d. ---, 2022 WL 17640254, n.1 (N.D. Ala. 2022) (J. Proctor) ("The question facing this court today is whether Rozier is still good law in light of the Supreme Court's recent ruling in [Bruen]. After careful review, the court concludes that it is. Because Rozier has not been clearly overruled or undermined to the point of abrogation, this court is bound by that decision's holding that § 922(g)(1) does not violate the Second Amendment.") (denying the motion to dismiss the indictment filed by defendant who was indicted for violating 18 U.S.C. § 992(g)(1)). Moreover, by reaffirming and adhering to its reasoning in District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783, 171 L.Ed.2d 637 (2008) and McDonald v. City of Chicago, Il., 561 U.S. 742, 130 S. Ct. 3020, 177 L.Ed.2d 387 (2010), the Supreme Court in New York State Rifle & Pistol Ass'n v. Bruen, did not change the regulatory framework that prohibits felons from possessing firearms.

Accordingly, Mashburn's Motion to Dismiss is DENIED.

DONE and ORDERED this the 6th day of July 2023.

                                              s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE